United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40002
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC MANUEL RAMOS-RUBIO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-529-1
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Isaac Manuel Ramos-Rubio appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b) by entering the United States, without permission, following both his conviction for an aggravated felony and subsequent deportation. Ramos-Rubio contends that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. Alternatively, Ramos-Rubio contends that 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. He argues that the prior conviction that resulted in his increased sentence was an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Ramos-Rubio acknowledges that his arguments are foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.